# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | 7-27-2010 |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3931 | **DATE** | 7-27-2010 |
| **CASE TITLE** | Ahmad N. Morgan (N-71877) vs. Rothwell, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is accepted as filed. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Plaintiff, Ahmad Morgan, an inmate at the Sheridan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2010, Plaintiff was granted to leave to proceed with his claim *in forma pauperis* and was ordered to submit an amended complaint because the original complaint contained misjoined claims and parties.

Plaintiff has submitted an amended complaint. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he was transferred to the Sheridan Correctional Center on April 22, 2009. Plaintiff immediately requested access to the law library because he was litigating two actions in state court and one federal appeal at that time. Plaintiff did not receive an answer to his request for approximately three months. During this time, Plaintiff wrote letters to the Defendant Wardens regarding his need to use the law library. On July 9, 2009, Plaintiff received a response from Warden Luster that his request was forwarded to Gail Sessler, the Education Administrator. Shortly thereafter, Plaintiff received a response from Sessler that the law library was closed due to a lack of staff. Plaintiff alleges that to date, he has been denied proper access to the law library and that the named Defendants are aware of his inability to attend the law library. The Defendants must respond to Plaintiff's amended complaint.

The Clerk shall issue summonses for service of the amended complaint on the Defendants. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Sheridan Correctional Center employee who can no longer be found at the work address provided by Plaintiff, Sheridan Correctional Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for

| STATEMENT |
|---|
| waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |